```
                 UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       Alexandria Virginia


ZOMBA RECORDING LLC, et al.,    )
                                )
     Plaintiffs,                )
                                )
v.                              )  Civil Action No. 1:08cv1065
                                )
TRONG NGUYEN,                   )
                                )
     Defendant.                 )
```

REPORT AND RECOMMENDATION

This matter came before the Court on the Motion of plaintiffs Zomba Recording LLC ("Zomba"), Sony BMG Music Entertainment ("Sony"), UMG Recordings, Inc. ("UMG"), and Laface Records LLC ("Laface") (collectively "plaintiffs") for Default Judgment against defendant Trong Nguyen ("defendant"). (Dkt. No. 14.) Though defendant appeared pro se at the July 17, 2009 hearing on plaintiffs' Motion for Default Judgment, defendant has failed to file any responsive pleadings in this matter. After defendant failed to respond to plaintiffs' Motion for Default Judgment, the Court took plaintiffs' Motion under advisement. (Dkt. No. 16.)

I. INTRODUCTION

Plaintiffs filed this action against defendant on October 10, 2008 seeking an award of statutory damages, injunctive relief, reasonable attorneys' fees, and plaintiffs' costs.

Plaintiffs allege copyright infringement under the copyright laws of the United States. 17 U.S.C. § 101 et seq. Plaintiffs allege that as of May 21, 2007, defendant, without plaintiffs permission, had continuously used a peer-to-peer file copying network to download and/or distribute to the public copyrighted recordings owned by plaintiffs. (Compl. ¶ 14; Leak Decl. 14; Cho Decl. 14.)

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over the copyright infringement claim in this action under 17 U.S.C. § 101 et seq., 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). (Compl. ¶ 2; Declaration of Wade Leak ¶ 3 (hereinafter "Leak Declaration"); Declaration of Joan Cho ¶ 3 (hereinafter "Cho Declaration").)

This Court has personal jurisdiction over defendant and venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400 because defendant resides in this District and a substantial part of the alleged acts of infringement occurred in this District. (Compl. ¶ 3; Leak Decl. ¶ 4; Cho Decl. ¶ 4.)

### B. Process and Service

On May 6, 2009, plaintiffs' private process server delivered a copy of the Summons and Complaint to defendant's cousin, David Nguyen, at 8623 Regency Court, Annandale, Virginia 22003, after Mr. David Nguyen confirmed that defendant resided at that

address. (See Summons Returned Executed, Dkt. No. 7; Leak Declaration ¶ 8; Cho Declaration ¶ 8.) Pursuant to Federal Rule of Civil Procedure 12, defendant had twenty (20) days after receiving service of process to serve an Answer. FED. R. CIV. P. 12.

### C. Grounds for Entry of Default

On June 5, 2009, plaintiffs requested an entry of default against defendant. (Dkt. No. 9.) The Clerk entered default on June 8, 2009. (Dkt. No. 10.) Plaintiffs filed a Application for Default Judgment against defendant on June 26, 2009.[1] (Dkt. No. 13.) To date, defendant has failed to answer or otherwise respond to plaintiffs' Complaint or Motion. (Mot. for Default J. 1.) Defendant appeared pro se at the Default Judgment hearing held on July 17, 2009. (Dkt. No. 16.) The Court suggested that plaintiffs' counsel and defendant try to resolve the matter. The Court advised defendant that he must either retain counsel or, if he chooses to proceed pro se, make appropriate filings in a timely manner. After defendant failed to respond to plaintiffs' Motion for Default Judgment, the Court took plaintiffs' Motion under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

---

[1] The Court will hereinafter refer to plaintiffs' Application for Default Judgement as the "Motion for Default Judgment" or "Motion."

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that plaintiffs have established the following facts.[2]

Plaintiff Zomba is a limited liability company organized and existing under the laws of the State of Delaware and has a principal place of business in the State of New York. (Compl. ¶ 4.) Plaintiff Sony is a Delaware general partnership, with its principal place of business in the State of New York. (Compl. ¶ 5.) Plaintiff UMG is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California. (Compl. ¶ 6.) Plaintiff Laface is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York. (Compl. ¶ 7.) Defendant, an individual, resided in Springfield, Virginia at the time of the alleged infringement and currently lives in Annandale, Virginia. (Compl. ¶ 8; Ex. D to Compl.)

Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to "Don't Mess With My Man," on the album "Nivea," by Nivea (Zomba); "Dilemma," on the album

---

[2] The pleadings include the Complaint (Dkt. No. 1); plaintiffs' Motion for Default Judgment (Dkt. No. 13) and its supporting documents, including the Declaration of Michael Zito ("Zito Decl."); the Declaration of Wade Leak ("Leak Decl.") (Dkt. No. 21.); and the Declaration of Joan Cho ("Cho Decl.") (Dkt. No. 20).

"Simply Deep," by Kelly Rowland (Sony); "How Am I Supposed To Live Without You," on the album "Soul Provider," by Michael Bolton (Sony); "Don't Wanna Try," on the album "The One," by Frankie J (Sony); "Un-Break My Heart," on the album "Secrets," by Toni Braxton (Laface); "Lonely," on the album "Trouble," by Akon (UMG); "SOS," on the album "A Girl Like Me," by Rihanna (UMG); "What's Your Fantasy," on the album "Back for the First Time," by Ludacris (UMG); and "Stickwitu," on the album "PCD," by The Pussycat Dolls (UMG) (collectively, "Copyrighted Recordings"). (Leak Decl. ¶ 13; Cho Decl. ¶ 13.)

Peer-to-peer networks refer to computer systems or processes that enable Internet users to search for files stored on other users' computers and transfer exact copies of files from one computer to another via the Internet, which can include both downloading an exact copy of that file onto the user's own computer and distributing an exact copy of that file to other Internet users on the same peer-to-peer network. (Compl. ¶ 12) Users of peer-to-peer networks can be identified by their Internet Protocol ("IP") addresses because the unique IP address of the computer offering the files for distribution can be captured by another user during a search or file transfer. (Compl. ¶ 13)  Each computer or network device that connects to a peer-to-peer network must have a unique IP address within the Internet to deliver files from one computer or network device to

another, and two computers cannot effectively function if they are connected to the Internet with the same IP address at the same time. (Compl. ¶ 13)

On May 21, 2007 at 08:21:49 EDT, plaintiffs identified an individual who was distributing 190 audio files over the Internet using LimeWire on the peer-to-peer network Gnutella at IP address 71.126.159.43. (Compl. ¶ 14; Ex. A to Compl.; Leak Decl. ¶ 14; Cho Decl. ¶ 14.) Defendant was identified as the individual responsible for that IP address at that date and time. (Compl. ¶ 14; Leak Decl. ¶ 14; Ex. A to Leak Decl.; Cho Decl. ¶ 14; Ex. A to Leak Decl.) Defendant, without the permission or consent of plaintiffs, downloaded and/or distributed to the public the Copyrighted Recordings. (Compl. ¶ 14; Leak Decl. ¶ 14; Cho Decl. ¶ 14.) Defendant has, without the permission or consent of plaintiffs, continuously downloaded and/or distributed to the public additional sound recordings owned by or exclusively licensed to plaintiffs or plaintiffs' affiliate record labels and such acts are ongoing. (Compl. ¶ 14; Leak Decl. ¶ 16; Cho Decl. ¶ 16.).

Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the Copyrighted Recordings. (Compl. ¶ 16) These notices of copyright appeared on published copies of each of the Copyrighted Recordings and these published copies were widely

available and accessible by defendant.  (Compl. ¶ 16)

### III. EVALUATION OF PLAINTIFFS' COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiffs' complaint are deemed admitted.  Before entering default judgment, however, the court must ensure that the complaint properly states a claim.  GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003).  Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate the plaintiffs' claims against the standards of Fed. R. Civ. P. 12(b)(6).

The Copyright Act, 17 U.S.C. § 101 et seq., provides a copyright owner the "exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords . . . (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106 (1) and (3).  The Copyright Act provides that anyone who violates any of the exclusive rights of the copyright owner is an infringer of copyright.  17 U.S.C. § 501(a). Plaintiffs are generally entitled to remedies including injunctions, monetary damages, costs, and attorney's fees.  17 U.S.C. §§ 502, 504, 505.

In order to prove copyright infringement, plaintiffs must show (1) that it owned a valid copyright and (2) that defendant copied original elements of plaintiffs' copyrighted work.

<u>Trandes Corp. V. Atkinson Co.</u>, 996 F.2d 655, 660 (4th Cir. 1993).

Plaintiffs allege that they are owners of the copyright for the Copyrighted Recordings and that each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Registrar of Copyrights, for which the plaintiffs are the owners. (Compl. ¶ 10; Ex. A to Compl.; Leak Decl. ¶ 13; Cho Decl. ¶ 13.) Such allegations satisfy the first element. The Court finds that plaintiffs own a valid copyright for each of the Copyrighted Recordings.

Plaintiffs allege that through defendant's continuous and ongoing acts of downloading and/or distributing to the public plaintiffs' Copyrighted Recordings, defendant has violated plaintiffs' exclusive rights of reproduction under 17 U.S.C. §106(1) and distribution under 17 U.S.C. § 106(3). (Leak Decl. ¶ 15; Cho Decl. ¶ 15.) Defendant, without the permission or consent of plaintiffs, downloaded and/or distributed plaintiffs' Copyrighted Recordings using LimeWire on the peer-to-peer network Gnutella. (Compl. ¶ 14; Leak Decl. ¶ 14; Cho Decl. ¶ 14.) As of May 21, 2007, defendant was distributing 190 audio files over the Internet, including plaintiffs' Copyrighted Recordings. (Compl. ¶ 14; Leak Decl. ¶ 14; Cho Decl. ¶ 14.) Such allegations satisfy the second element. The Court finds that defendant downloaded and/or distributed to the public plaintiffs' Copyrighted Recordings.

The Court finds that plaintiffs' owned valid copyrights in

the Copyrighted Recordings and that defendant copied and distributed plaintiffs' Copyrighted Recordings in violation of 17 U.S.C. § 106 (1) and (3).

## IV. REQUESTED RELIEF

### A. Statutory Damages

"[A]n infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer . . . or (2) statutory damages."  17 U.S.C. § 504(a).  "The copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action . . . in a sum of not less than $750 or more than $30,000."  17 U.S.C. § 504(c). Plaintiffs in this action seek the minimum statutory damages provided by Section 504 of the Copyright Act ($750.00) for each of the nine (9) infringements alleged in the Complaint, for a total of $6,750.00.

The Court finds plaintiffs' request to be reasonable. Defendant copied and distributed the Copyrighted Recordings in violation of plaintiffs' exclusive rights of reproduction under 17 U.S.C. §106(1) and distribution under 17 U.S.C. § 106(3). Accordingly, plaintiffs are entitled to statutory damages as compensation for defendant's infringement.

**B. Costs**

Plaintiffs also seek an award of $555.00 for costs. (Mot. for Default J. 10-11; Zito Decl. ¶ 6.) Pursuant to the Copyright Act, plaintiffs are entitled to an award of full costs and reasonable attorneys' fees.[3]  17 U.S.C. § 505. In pursuing this matter, plaintiffs have incurred $550.00 in costs, which includes a statutory filing fee of $350.00, an investigation for service fee of $60.00 and costs of service of $140.00. (Zito Decl. ¶ 6)  The undersigned Magistrate Judge finds these costs to be reasonable.

**C. Injunctive Relief**

Plaintiffs also request a permanent injunction restraining defendant from further infringing plaintiffs' copyrights, and ordering defendant to destroy all copies of sound recordings made in violation of plaintiffs' exclusive rights. (Mot. for Default J. ¶ 19)  Under the Copyright Act, a court of competent jurisdiction "may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502.

Accordingly, the undersigned Magistrate Judge finds that plaintiffs are entitled to injunctive relief in order to prevent continued harm to plaintiffs caused by defendant's continuous

---

[3] In the Complaint, plaintiffs requested the Court award reasonable attorneys' fees. Plaintiffs did not request such relief, however, in plaintiffs' Motion for Default Judgment. (Dkt. No. 13)

downloading and distribution to the public of sound recordings owned by or exclusively licensed to plaintiffs.

## V. RECOMMENDATION

The undersigned Magistrate Judge recommends default judgment be entered against defendant and that plaintiffs be awarded $550.00 in costs pursuant to 17 U.S.C. § 505 and $6,750.00 in statutory damages pursuant to 17 U.S.C. § 504. Thus, the total recommended monetary award is $7,300.00. Additionally, under 17 U.S.C. § 502(a) and 15 U.S.C. §§ 1116 and 1125, the undersigned Magistrate Judge recommends an injunction be entered providing that defendant shall be and hereby is enjoined from directly or indirectly infringing plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by plaintiffs (or any parent, subsidiary, or affiliate record label of plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that defendant has downloaded onto any computer hard drive or server without

plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in defendant's possession, custody, or control.

## VI. NOTICE

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within ten (10) days of its service.  A failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record, and to defendant at the following address:

    Trong Nguyen
    8623 Regency Court
    Annandale, Virginia 22003

                                                                 /s/
                                        THERESA CARROLL BUCHANAN
                                        UNITED STATES MAGISTRATE JUDGE

October 8, 2009
Alexandria, Virginia